No. 38,297

OSCAR W. WORTMAN, JOSEPH A. WORTMAN, III, RUTH C. WORTMAN, and RICH NEON COMPANY, INC., *Appellants*, v. RICH SIGNS, INC., a Corporation, *Appellee*.

(233 P. 2d 526)

Opinion filed July 3, 1951.

*Charles E. Jones*, of Wichita, argued the cause, and *Mark H. Adams, William I. Robinson* and *J. Ashford Manka*, all of Wichita, were with him on the briefs for the appellants.

*P. K. Smith*, of Wichita, argued the cause, and *Ralph E. Gilchrist, Leroy Warner* and *Carl L. Buck*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order sustaining a demurrer to an amended petition in an action to rescind a written contract under the terms of which plaintiffs purchased a part of defendant's neon sign business for the sum of $25,000, and in turn defendant agreed to do certain things in aiding and assisting plaintiffs in the operation and conduct of the business so purchased.

The written contract under date of July 2, 1947, a copy of which was attached to the petition, appears to be full, complete and unambiguous, and sets out the respective rights and obligations of the parties.

This action was commenced in April, 1949. Defendant moved to strike certain parts of the petition and to make other portions thereof more definite and certain in a number of particulars. This motion was sustained in part and overruled in part.

Plaintiffs then filed their amended petition. Defendant filed a motion to strike it from the files on account of its alleged non-

compliance with the order of the court previously made. This motion was overruled. Defendant then demurred to it on the grounds (1) that plaintiffs have no legal capacity to sue; (2) that several causes of action are improperly joined; (3) that there is a misjoinder of parties plaintiff; and (4) that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained and plaintiffs have appealed from that ruling.

The amended petition, after a recital of formal matters, sets out the contract, and then alleges in detail facts showing performance by plaintiffs of all its terms and conditions. Then follow detailed allegations of numerous breaches on the part of defendant. The prayer is for a judgment declaring the contract to be rescinded, for a full accounting between the parties, for a judgment placing the parties in as nearly as possible their exact status at the time the contract was executed, and for such other and further relief, including a money judgment, if necessary, as may be equitable and just.

The trial court did not announce on which ground, or grounds, it sustained the demurrer.

Diligent counsel for both sides to this appeal have furnished us with able briefs in support of their respective positions. After a careful study of the allegations of the amended petition and the arguments advanced by counsel we are of the opinion the demurrer was erroneously sustained. In a case such as this no good purpose would be served, and nothing whatever would be added to the body of our law, by setting out in detail either the allegations of the amended petition or the contentions of counsel with respect to the demurrer. This is not a case where we are holding that a petition does not state a cause of action or is otherwise defective so as to be reached by demurrer. Here the issues have not been joined, and under the circumstances as shown by the allegations of the amended petition we think better practice dictates that we refrain from saying anything which might in any way prejudice the parties, either in the matter of further pleadings or on the trial of the action.

What the proof may establish, of course, is another thing, but, taking the allegations of the amended petition as true, we think it cannot be said the demurrer was good.

The judgment of the lower court is therefore reversed with directions to overrule the demurrer to the amended petition.